# 95 DTA 36

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE MAYAGUEZ Y AGUADILLA

ASOCIACION DE CONDOMINOS DEL
CONDOMINIO MEDICAL CENTER PLAZA
Apelada

v.

FIDEICOMISO ANGEL L. ROSAS
Apelante

Núm. KLAN-95-00041

San Juan, Puerto Rico, a 23 de marzo de 1995

Panel integrado por su Presidente, Juez Amadeo Murga,
y los Jueces Brau Ramírez y Ramos Buonomo

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

El presente recurso de apelación fue presentado el 27 de diciembre de 1993 ante el Tribunal Superior, Sala de Mayaguez y posteriormente referido a este Tribunal, conforme el artículo 9.004(b) de la Ley de la Judicatura de Puerto Rico de 1994 y la Orden Administrativa Núm. XIII emitida por el Juez Presidente del Tribunal Supremo de Puerto Rico el 23 de enero de 1995.

Se recurre de una sentencia sumaria emitida el 29 de noviembre de 1993 y archivada en autos el 1 de diciembre de 1993, por el Tribunal Municipal de Mayaguez, declarando con lugar la demanda en cobro de dinero instada por la parte apelada, Asociación de Condómines del Condominio Medical Plaza *("Asociación de Condómines")*, bajo las disposiciones de la Regla 60 de las de Procedimiento Civil para cobrar las cuotas de mantenimiento adeudadas por la parte apelante Fideicomiso Angel L. Rosas,██ con relación a los dos locales comerciales ubicados en el condominio Medical Center Plaza de Mayaguez, pertenecientes a la parte apelante y denegando la reconvención presentada por la parte apelante, en la cual se había solicitado se ordenara a la Asociación de Condómines poner a la disposición de la parte apelante dos estacionamientos en el referido edificio, que alegadamente le estaban siendo ilegalmente retenidos por la Asociación de Condómines. El Tribunal condenó a la parte apelante a satisfacer a la parte apelada la cantidad de $2,231.33 más los intereses y penalidades correspondientes hasta el 31 de octubre de 1993, las costas y gastos del procedimiento y $500.00 por concepto de honorarios de abogado, por temeridad.

### II

Según se desprende de los autos, el Condominio Medical Center Plaza fue convertido al régimen de propiedad horizontal contemplado por nuestro ordenamiento, 31 L.P.R.A. secs. 1291 y ss., mediante la Escritura de Conversión de Propiedad al Régimen de Propiedad Horizontal Núm. 219 otorgada el 6 de septiembre de 1974 en la ciudad de Mayaguez, ante el Notario Público Carlos García Rullán. Se establecieron dos áreas comerciales en la primera planta y 32 locales individuales en los pisos dos y tres del edificio. Entre estos últimos, figuraban los apartamientos 307 y 308, situados en el tercer piso del edificio. La descripción de estos apartamientos, según la referida Escritura de Conversión, no incluía referencia a ningún área de estacionamiento. El apartado quinto de la Escritura, por su parte, enumeraba como elementos comunes generales del Condominio, entre otros:

"......

*(k.) Sistema automático para controlar los estacionamientos privados que son del número uno (1) al treinta y dos (32).*

......

*(m.) Las áreas de estacionamiento enumeradas del número treinta y tres (33) al sesenta (60) ambos inclusive."*

La Escritura de Conversión fue inscrita en el Registro de la Propiedad. Aparentemente, en la nota de inscripción de los locales 307 y 308, el Registrador añadió, para cada uno de los apartamientos: *"[l]e corresponde el uso de un área de estacionamiento en los terrenos en que enclava el edificio."*

El 31 de diciembre de 1984, mediante la Escritura de Compraventa Núm. 185 otorgada en Mayaguez ante el Notario Público Roberto M. García Rullán, el Sr. Angel L. Rosas y su cónyuge adquirieron, entre otras propiedades, los apartamientos 307 y 308 del Condominio Medical Center de su entonces titular, el banco Western Federal Savings Bank. No obstante lo reflejado en la Escritura de Conversión del Condominio y en la inscripción de los locales

en el Registro de la Propiedad, en la descripción del apartamiento 307 contenida en la referida Escritura de Compraventa se indicó que *"[l]e corresponde a este apartamiento dos áreas de estacionamientos marcadas con los números Trescientos Siete (307) y Trescientos Ocho (308)."* La descripción del apartamiento 308 similarmente reflejaba que: *"[l]e corresponde a este apartamiento dos áreas de estacionamientos marcadas con los números Trescientos Nueve (309) y Trescientos (310)."*

Posteriormente, la parte apelante tomó posesión de los apartamientos 307 y 308, así como de un área de estacionamiento para cada uno de estos apartamientos. En algún momento, la parte apelante le reclamó a la Asociación de Condómines que se le debía poner en posesión de un estacionamiento adicional para cada uno de los apartamientos, ya que conforme a la Escritura de Compraventa Núm. 185, la parte apelante había adquirido dos estacionamientos por cada apartamiento. El Lcdo. Franklyn Rodríguez Mangual, Administrador de la Asociación de Condómines, le explicó a la parte apelante que, conforme a la Escritura de Conversión, los estacionamientos del edificio eran áreas comunes y que no eran susceptibles de ser vendidas como unidades individuales. La parte apelante no estuvo de acuerdo con dicha interpretación y dejó de pagar las cuotas de mantenimiento del Condominio.

El 8 de enero de 1993, ante la actitud de la parte apelante, la Asociación de Condómines presentó la presente acción por cobro de dinero ante el Tribunal de Distrito de Mayaguez, bajo la Regla 60 de las de Procedimiento Civil, para el cobro de las cuotas atrasadas. La parte apelante contestó la demanda, negando las alegaciones. Presentó, además, una reconvención para que se le adjudicaran los dos estacionamientos adicionales adquiridos junto con los apartamientos 307 y 308, solicitando también daños y perjuicios por haber sido privada del uso de dichos estacionamientos desde 1985. La Asociación de Condómines contestó la reconvención, negando la pretensión de la parte apelante.

Luego de otros incidentes, la parte apelante solicitó enmendar su reconvención para solicitar que se ordenara la inscripción a su nombre de los estacionamientos en el Registro de la Propiedad. La parte apelada se opuso a esta solicitud. Presentó, además, una Moción de Sentencia Sumaria, apoyada en las contestaciones a interrogatorios sometidas por la parte apelante, la escritura de Conversión de Propiedad al Régimen de Propiedad Horizontal, una certificación registral de los apartamientos y el plano del edificio. La parte apelante se opuso a la moción.

El 29 de noviembre de 1993, el Tribunal de instancia emitió el dictamen recurrido declarando con lugar la demanda. El Tribunal concluyó que no existía controversia alguna entre las partes que los estacionamientos de los apartamientos eran elementos comunes del edificio, que el edificio tenía 32 estacionamientos particulares para las 32 oficinas, que, de acuerdo a la certificación registral, a los apartamientos 307 y 308 le correspondía un sólo estacionamiento por apartamiento y que de la Escritura de Conversión al Régimen de Propiedad Horizontal no surgía que se le hubieran asignado dos. A base de lo anterior, el Tribunal determinó que, conforme el art. 14 de la Ley de la Propiedad Horizontal, 31 L.P.R.A. sec. 1291l, la parte apelante sólo tenía derecho al uso de un espacio de estacionamiento por apartamiento. Con respecto al argumento de la parte apelante de que había adquirido dos espacios de estacionamiento del anterior titular de los apartamientos por virtud de la Escritura de Compraventa, el Tribunal expresó: *"nadie puede transmitir más derecho del que posee por lo que el anterior propietario de los apartamientos 307 y 308 no pudo conferir derecho a dos estacionamientos."*

El Tribunal condenó a la parte apelante a satisfacer a la Asociación de Condómines la suma de $2,231.33 por concepto de cuotas adeudadas. Determinó que la parte apelante había sido temeraria al insistir litigar la reclamación, por cuanto *"[e]l registro de la propiedad constata las alegaciones del demandante y las mismas son de fácil corroboración."* El

Tribunal impuso la suma de $500 a la parte apelante, por concepto de honorarios de abogado.

Insatisfecha, la parte apelante acudió en apelación.

### III

En su recurso, la parte apelante plantea que el Tribunal de instancia erró al dictar sentencia sumaria parcial existiendo controversia sobre hechos materiales en el caso, al decidir que la parte apelante no es propietaria de los estacionamientos, a pesar de lo que se desprendía de su Escritura de Compraventa y al denegar la solicitud de enmienda a la demanda. No tiene razón.

Conforme al artículo 11 de la Ley de la Propiedad Horizontal, según enmendada, 31 L.P.R.A. sec. 1291(i), se consideran elementos comunes generales de un inmueble sometido al régimen de propiedad horizontal, entre otros, *"[t]oda área destinada a estacionamiento, salvo disposición o estipulación en contrario";* véase, *Arce v. Caribbean Home Const. Corp.,* 108 D.P.R. 225 (1978); Michel J. Godreau, *El Condominio: El Régimen de Propiedad Horizontal en Puerto Rico,* San Juan, Editorial Dictum, 1992, págs. 84-85.

En el presente caso, a pesar de que la Escritura de Conversión de Propiedad al Régimen de Propiedad Horizontal hacía referencia a *"los estacionamientos privados que son del número uno (1) al treinta y dos (32)",* la misma no hacía asignación alguna de dichos estacionamientos a los apartamientos específicos. Tampoco la descripción de los apartamientos contenida en dicha escritura expresaba esta asignación. Como cuestión de derecho, por lo tanto, no existía una estipulación suficiente capaz de derrotar la presunción de que los estacionamientos eran elementos comunes. Véase, *Arce v. Caribbean Home Const. Corp.,* 108 D.P.R., a la pág. 238 ("*se presume en todo caso la naturaleza del elemento común, y tal presunción, ... sólo cede ante la prueba de un convenio en contra, adoptado por todos los propietarios. O por haberlo establecido la persona (natural o jurídica) que constituyó dicha propiedad horizontal".* (citando a Aguirre, *Tercera Conferencia Sobre Propiedad Horizontal,* 36 Revista Crítica de Derecho Inmobiliario 504, 520-521 (1963)).

Según observó el tribunal de instancia, constituyendo elementos comunes del edificio, el uso de los estacionamientos quedaba gobernado por el artículo 14 de la Ley de la Propiedad Horizontal, según enmendado, 31 L.P.R.A. sec. 12911. Dicho precepto establece:

*"Cada titular podrá usar de los elementos comunes conforme a su destino sin impedir o estorbar el legítimo derecho de los demás.*
*Cuando el estacionamiento fuere un elemento común, todo titular tendrá derecho a hacer uso de un espacio de estacionamiento con capacidad para acomodar un automóvil por cada apartamiento de que fuere propietario que estuviere ocupado. Ningún titular podrá hacer uso de un espacio de estacionamiento que exceda aquella cabida, si con ello priva a otro titular del disfrute efectivo de tal elemento común. Si el número de espacios de estacionamiento con capacidad para acomodar un automóvil fuere menor que el número de apartamientos, tales espacios serán ocupados por los titulares que primero arriben al área de estacionamiento."*

Conforme lo anterior, el título de la parte apelante sobre los apartamientos 307 y 308 solamente le confería derecho al *"uso de un espacio de estacionamiento con capacidad para acomodar un automóvil por cada apartamiento".* Esta situación fue percibida por el Registrador de la Propiedad, quien procedió a inscribir este beneficio en el registro como parte de la descripción individual de los apartamientos.

Como correctamente concluyó el Tribunal de instancia, la parte apelante no podía haber adquirido de su transmitente más derechos que los que existían sobre las propiedades. Aún asumiendo la autenticidad de la Escritura de Compraventa de la parte apelante, por lo tanto,

ésta resultaba del todo ineficaz para la transmisión de un título inexistente sobre los estacionamientos.

Los datos anteriores surgían todos de los documentos presentados ante el foro de instancia. Coincidimos con dicho foro en que no existía controversia real sustancial alguna de hecho entre las partes, sino más bien una discrepancia sobre el efecto legal de las distintas escrituras. No erró, por consiguiente el Tribunal de instancia al dictar sentencia sumariamente, adjudicando la controversia en contra de la parte apelante. *Pilot Life Insurance Company v. Crespo Martínez,* ___ D.P.R. ___(1994), **94 J.T.S. 104**, a la pág. 21; 32 L.P.R.A. Ap. III, R. 36.3.

Tampoco abusó de su discreción el Tribunal al denegar la enmienda a la reconvención solicitada por la parte apelante. Según hemos indicado, la Escritura de Compraventa de los apartamientos 307 y 308 adolecía de un defecto de tracto, al incluir en la descripción de dichos inmuebles, dos estacionamientos que habían quedado designados --en ausencia de estipulación en contrario-- como áreas comunes del Condominio en la escritura de Conversión de Propiedad al Régimen de Propiedad Horizontal. Cualquier remedio, en estas circunstancias, debía dirigirse contra el vendedor de los inmuebles, no contra el Registro. Sabido es que los títulos de propiedad horizontal consagrados por una escritura matriz son constitutivos, y que dicha escritura no puede ser variada, salvo por el consentimiento unánime de todos los titulares del condominio. 31 L.P.R.A. sec. 1291; Godreau, *supra.*

Tal y como concluyera el Tribunal de instancia, la parte apelante fue en extremo temeraria al litigar este caso contra la Asociación de Condómines, a pesar de que la flacidez de sus argumentos era de fácil comprobación, ante las constancias del Registro y la Escritura de Conversión. También lo ha sido al promover la presente apelación.

Por los fundamentos expresados se confirma la sentencia apelada. Se impone a la parte apelante la suma de $200.00 por concepto de honorarios de abogado, a favor de la parte apelada, conforme el artículo 4.002 de la ley de la Judicatura de Puerto Rico de 1994.

Lo pronunció el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIO 95 DTA 36

1. Aunque el litigio fue presentado contra el *"Fideicomiso Angel L. Rosas"*, el récord ante el Tribunal de instancia refleja que la parte con verdadero interés lo es el Sr. Rosas, en su carácter individual, quien compareció ante el tribunal de instancia.